IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER PYLES, # R43795,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv00299-MJR |
| ) | |
| **DONALD GAETZ, et al.** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Christopher Pyles, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.

## Synopsis of the Case

Plaintiff brings suit against 22 named individuals, a labor union, and an assortment of unidentified prison employees and health care professionals.  It is alleged that, from May 18, 2005, to the present, Menard has been repeatedly placed on lockdown status for extended periods of time without justification.[1]  When the institution is locked down, opportunities to leave one's cell to go to the law library or for mental health treatment are curtailed.  In addition, privileges, such as outdoor exercise, telephone access, commissary access, and the $10 per month state stipend, are suspended.  Inmates are confined to their cells for up to 163 hours per week.  Plaintiff asserts that these extreme, unjustified lockdowns are punitive and

---

[1] According to Plaintiff, Menard was on lockdown for: 60 days in 2005; 116 days in 2006; 170 days in 2007; 181 days in 2008; 112 days in 2009; 235 days in 2010; 195 days in 2011; and 222 days in 2012.

have resulted in physical and mental injuries, including weight loss due to malnutrition, and worsened episodes of depression and mania.

Plaintiff further contends he has been subjected to inhumane conditions of confinement, in that cells are as small as 38 square feet for two occupants, which does not allow sufficient room for exercise and forces inmates to "cope with their cellie's bad habits," which can include poor personal hygiene, mental illness and aggressive behavior. Plaintiff himself has had his mental health treatment sessions cancelled during lockdowns.

The limited or nonexistent ability to use the law library has purportedly caused Plaintiff to seek extensions of time in a court case (*Pyles v. Gaetz*, No. 11-cv-378-GPM (S.D. Ill. Feb. 28, 2013)), and has impeded his ability to pursue internal grievances. Also, Plaintiff's ability to study the law in contemplation of filing unspecified actions has been impaired.

Plaintiff attributes the lockdowns to a conspiracy between Illinois Department of Corrections ("IDOC") officials, Menard officials and the union representing prison guards. From Plaintiff's perspective, these officials are exaggerating the response to even minor security concerns by imposing and/or extending lockdowns to further their own interests, all while imposing cruel and unusual punishment upon inmates. For example, Plaintiff cites a 2008 month-long orchestrated staff shortage during contract negotiations between the union and the IDOC, which triggered a lockdown.

Plaintiff seeks compensatory and punitive damages, declaratory judgment, and injunctive relief.

The complaint contains five separate counts, which the Court deems best characterized as follows. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1:** Against former wardens Gaetz, Rednour, Spiller and Atchison, current warden Harrington, former assistant warden Stock, current assistant warden Butler, former IDOC directors Taylor and Randle, current IDOC director Godinez, former IDOC deputy director Bates, AFSCME Union Local 1175, Counsel 31 members, former union president Ferranto, current union president Hirsch, Menard business officer Paulter and Internal Affairs chief investigator Thomas, along with unidentified lockdown coordinators and staff, for conspiring to institute unjustified, prolonged lockdowns in violation of Plaintiff's Fourteenth Amendment right to due process and Eighth Amendment right to be free from cruel and unusual punishment, and constituting intentional infliction of emotional distress in violation of state law;

**Count 2:** Against former IDOC deputy director Bayer, former AFSCME president Ferranto and current union president Hirsch for conspiring to cause unjustified and/or prolonged lockdowns stemming from staff shortages;

**Count 3:** Against former wardens Gaetz, Rednour, Spiller and Atchison, current warden Harrington, current assistant warden Butler, former IDOC directors Taylor and Randle, current IDOC director Godinez, former IDOC deputy director Bates, Internal Affairs chief investigator Thomas and unidentified lockdown coordinators and staff, for acting with deliberate indifference to Plaintiff's health and safety by instituting unjustified, prolonged lockdowns that amounted to cruel and unusual punishment, all in violation of Plaintiff's Eighth Amendment rights;

**Count 4:** Against mental health administrator Sauerwein, mental health professional Creason and unidentified others, for deliberate indifference to serious risks to Plaintiff's mental and physical health due to the lockdown conditions, in violation of the Eighth Amendment, and constituting intentional infliction of emotional distress in violation of state law; and

**Count 5:** Against assistant paralegals Bramlett and Knust, C/O Ellis, educational administrator Bonifield, former warden Atchison, current warden Harrington and assistant warden Butler, for denying Plaintiff adequate access to the law library, in violation of the First Amendment.

**Pleading Standards**

The notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, dictates that a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Appert v. Morgan Stanley Dean Witter, Inc*., 673 F.3d 609, 622 (7th Cir. 2012).

Although the Court is obligated to liberally construe a *pro se* complaint and accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), and *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The allegations in the complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayov. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. Legal assertions cannot be disguised as facts. *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013). There must be sufficient factual enhancement to move from possibility to plausibility of entitlement to relief. *Id.* at 845.

**Discussion**

Accepting Plaintiff's allegations as true, the Court still finds that Counts 1, 2 and 5 of the complaint are not viable and must be dismissed.

Counts 1 and 2 are similarly flawed. Both claims are lodged against AFSCME Union Local 1175 and current and former union officials (among others). Suits under Section

1983 are meant to deter state actors (and private parties acting so closely in concert with them that they too should be considered state actors) from using the "color of state law" to deprive individuals of rights guaranteed by the Constitution. *Fries v. Helsper,* 146 F.3d 452, 457 (7th Cir. 1998). Unions and union officials are not state actors. *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7,* 570 F.3d 811, 815 (7th Cir. 2009); *Messman v. Helmke,* 133 F.3d 1042, 1044 (7th Cir. 1998). Moreover, Counts 1 and 2 fail to adequately plead conspiracy claims.

Plaintiff asserts that the defendants conspired to institute and/or prolong lockdowns without penological justification. "To establish [Section] 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights; and (2) those individual(s) were willful participant[s] in joint activity with the State or its agents." *Williams v. Seniff,* 342 F.3d 774, 785 (7th Cir. 2003) (internal citation and quotation marks omitted); *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007). The complaint contains only conclusory statements that do not suggest the sort of intentional agreement necessary to establish a Section 1983 claim. Absent a viable conspiracy claim, the associated state law claim for intentional infliction of emotional distress in Count 1 also fails.

Count 5 alleges that Plaintiff was denied adequate access to the law library, and by extension to the courts, in violation of the First Amendment. An access to the courts claim only arises if the plaintiff suffered "actual injury" from the inability to pursue a non frivolous claim. *Lewis v. Casey,* 518 U.S. 343 (1996); *May v. Sheahan,* 226 F.3d 876, 883 (7th Cir. 2000); *Walters v. Edgar,* 163 F.3d 430, 434 (7th Cir. 1998). An access claim is also stated when "denial of access to legal materials caused a potentially meritorious claim to fail." *Marshall v. Knight,* 445 F.3d 965 (7th Cir. 2006). The actual injury requirement is not waived even if systemic,

continuous denials are alleged. *Ortiz v. Downey,* 561 F.3d 664 (7th Cir. 2009).

The law library and its various resources—documents and advisors—merely provide the instruments for reasonable access, and are not protected in and of themselves. Plaintiff asserts that he missed court deadlines in *Pyles v. Gaetz*, but the documents submitted along with the complaint indicate that Plaintiff merely had to request an extension of time to respond to the magistrate judge's report and recommendation, which was granted. Therefore, Plaintiff was not actually prejudiced. Similarly, despite Plaintiff's assertion that his grievances were denied as untimely, the documentation submitted by Plaintiff does not indicate that timeliness was why Plaintiff's grievances were not successful. Therefore, as pleaded, Count 5 must be dismissed.

Counts 3 and 4 shall proceed, even though a savvy judge might consider the chance of success on these claims very remote and unlikely. *See Bell Atlantic Corp.*, 550 U.S. at 556. As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), that the Eighth Amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime. The Constitution also prohibits punishment that is totally without penological justification. *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). Furthermore, "[s]ome conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson v. Seiter,* 501 U.S. 294, 304 (1991).

**Disposition**

For the reasons stated, Counts 1, 2 and 5 are **DISMISSED** without prejudice. Accordingly, Defendants **SHANNIS STOCK**, **HENRY BAYER**, **TONY FERRANTO**, **KEVIN HIRSCH**, **RICHARD PAULTER**, **AFSCME UNION LOCAL 1175**, **BRAD BRAMLETT**, **KNUST**, **C/O ELLIS** and **ELAINE BONIFIELD** are **DISMISSED** from this action without prejudice.

Only Counts 2 and 3 shall proceed. The Clerk of Court shall prepare for Defendants **DONALD GAETZ**, **DAVID REDNOUR**, **WILLIAM SPILLER**, **MICHAEL ATCHISON**, **RICK HARRINGTON**, **KIM BUTLER**, **GLADYSE C. TAYLOR**, **MICHAEL P. RANDLE**, **SLAVADORE GODINEZ**, **TY BATES**, **BRAD THOMAS**, **MELISSA SAUERWEIN** and **REBECCA CREASON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the various Unknown Defendants (including Defendant "MAJORS") until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 12, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**