IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER PYLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DONALD GAETZ, | ) |
| DAVID REDNOUR, | ) |
| WILLIAM SPILLER, | ) |
| MICHAEL ATCHISON, | ) |
| RICK HARRINGTON, | ) |
| KIM BUTLER, | ) |
| GLADYSE C TAYLOR, | ) |
| MICHAEL P RANDLE, | ) |
| SALVADORE GODINEZ, | ) Case No. 13-cv-0299-MJR-SCW |
| TY BATES, | ) |
| BRAD THOMAS, | ) |
| REBECCA CREASON, | ) |
| JAMES R. BROWN, | ) |
| CHAD E. HASEMEYER, | ) |
| JACQUELINE A. LASHBROOK, | ) |
| DOUG LYERLA, | ) |
| RICHARD D. MOORE, | ) |
| PAUL OLSON, | ) |
| BRIAN THOMAS, | ) |
| DR. BAIG, | ) |
| MISS GREATHOUSE, | ) |
| MISS WHITESIDE, | ) |
| MISS DELONG, | ) |
| WILLIAM REES, | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

# ORDER

**REAGAN, Chief Judge:**

Pursuant to 42 U.S.C. § 1983, Plaintiff Christopher Pyles brought this action for deprivations of his constitutional rights that allegedly occurred at Menard Correction Center ("Menard"). (Doc. 1). Plaintiff filed his Complaint on March 21, 2013, suing named defendants in their official and

1

individual capacities seeking declaratory relief, injunctive relief, compensatory damages, and punitive damages.  (Doc. 1, p. 2).  In his Complaint, Plaintiff alleges that Defendants acted with deliberate indifference to serious risks to Plaintiff's mental and physical health and safety by instituting unjustified and prolonged lockdowns.  (Doc. 1, p. 16).  The lockdown periods exacerbated the effects of Plaintiff's mental illness.  (Doc. 1, p. 16).  The threshold order found that Plaintiff had stated a colorable claim against Creason for deliberate indifference pursuant to § 1983 and a supplemental claim pursuant to Illinois state law for intentional infliction of emotional distress. (Doc. 9).  This case comes before the Court on Defendant Creason's Motion to Dismiss the state law claim for intentional infliction of emotional distress.  (Doc. 110).

On May 1, 2014, Creason and Hillerman filed this Motion to Dismiss on the grounds that the Illinois Tort Immunity Act bars lawsuits against state employees sued in their official capacities. (Doc. 111, p. 3).  Plaintiff subsequently filed a motion (Doc. 125) seeking to voluntarily dismiss Hillerman.  The Court granted Plaintiff's Motion and Dismissed Hillerman, and so the Court considers the present Motion as to Creason alone.  (See Doc. 150).  Plaintiff filed a Response to the Motion on May 22, 2014.  (Doc. 117).  The Motion is ripe for disposition.  Because Plaintiff's Response indicates that he agrees with the dismissal, the Court **GRANTS** the Motion to Dismiss. (Doc. 110).  The dismissal is pursuant to Federal Rule of Civil Procedure 41(a), which permits the parties to stipulate to a dismissal.

However, Plaintiff's Response also requests that the Court "recognize the distinction of the facts as set forth above before dismissing the state tort claim."  The Court declines to take up that challenge here, other than to state that it appears Plaintiff's argument that Creason's duty arises out of her status as a health care provider may have some merit.  Additionally, neither party raised the Local Governmental and Governmental Employees Tort Immunity Act, which states that liability will apply to state employees "where the employee, acting within the scope of his employment,

knows from his observation of conditions that the prisoner is in need of immediate medical care and, through willful and wanton conduct, fails to take reasonable action to summon medical care. **745 ILCS 10/4-105**. Counsel for Creason may wish to consider this statute when making sovereign immunity arguments in the future.

## CONCLUSION

The Court **GRANTS** the Motion to Dismiss (Doc. 110) pursuant to Fed. R. Civ. P. 41, and dismisses *only* the state-law intentional infliction of emotional distress claim. Plaintiff's deliberate indifference claim against Creason shall proceed.

**IT IS SO ORDERED.**

Dated:  December 12, 2014

                                                  s/ *Michael J. Reagan*
                                                  **Michael J. Reagan**
                                                  **CHIEF JUDGE**
                                                  UNITED STATES DISTRICT COURT