IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTOPHER PYLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DONALD GAETZ, | ) | |
| DAVID REDNOUR, | ) | |
| WILLIAM SPILLER, | ) | |
| MICHAEL ATCHISON, | ) | |
| RICK HARRINGTON, | ) | |
| KIM BUTLER, | ) | |
| GLADYSE C. TAYLOR, | ) | |
| MICHAEL P. RANDLE, | ) | |
| SALVADORE GODINEZ, | ) | |
| TY BATES, | ) | |
| BRAD THOMAS, | ) | No. 13-cv-0299-MJR-SCW |
| REBECCA CREASON, | ) | |
| JAMES R. BROWN, | ) | |
| JOSEPH COWAN, | ) | |
| CHAD E. HASEMEYER, | ) | |
| JACQUELINE A. LASHBROOK, | ) | |
| DOUG LYERLA, | ) | |
| RICHARD D. MOORE, | ) | |
| PAUL OLSON, | ) | |
| BRIAN THOMAS, | ) | |
| DR. BAIG, | ) | |
| MISS GREATHOUSE, | ) | |
| MISS WHITESIDE, | ) | |
| MISS DELONG, | ) | |
| DR. KOWALKOWSKI, and | ) | |
| WILLIAM REES, | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

On March 21, 2013, and pursuant to 42 U.S.C. § 1983, Plaintiff Christopher Pyles filed a complaint alleging that Menard Correctional Center carried out unconstitutional lockdowns. (Doc. 1). Plaintiff originally included claims against

1

unknown mental health professionals, but later filed an Amended Complaint identifying the unknown mental health professionals as (among others) Defendants Baig, Greathouse, Whiteside, and Delong. Plaintiff alleged these Defendants were (in violation of the Eighth Amendment) deliberately indifferent to the impact of the lockdowns on his mental health, and that they (in violation of state law) intentionally inflicted emotional distress upon him. Defendants Baig, Greathouse, Whiteside and Delong now bring a Motion for Summary Judgment on the issue of exhaustion of administrative remedies. (Doc. 118). The motion is ripe for ruling.

In his Response, Plaintiff indicates he agrees that Defendants Greathouse, Whiteside, and Delong should be dismissed. (Doc. 124). Though Defendant Baig filed a Reply on July 1, 2014, the Court will not consider that reply, since (contrary to local rule) Baig failed to plead the exceptional circumstances justifying it. **See SDIL-LR 7.1(c)**. The Court has determined that Baig's motion raises only legal issues and does not require a hearing.

### 1. *Summary Judgment Standard*

The instant dispositive motion is brought pursuant to the regime announced in *Pavey v. Conley*, the case in which the Seventh Circuit announced the procedures for determining whether a prisoner has exhausted his administrative remedies. In *Pavey*, the Seventh Circuit held that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required to be decided by a jury, but are to be determined by the judge. ***Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008)**. A Motion for Summary Judgment filed pursuant to *Pavey* typically requires a hearing to

determine any contested issues regarding exhaustion, and (unlike standard summary judgment motions) a judge may make limited findings of fact at that time. *Id.* at 742. The case may proceed on the merits only after any contested issue of exhaustion is resolved. *Id.* A hearing is not required where "there are no disputed facts regarding exhaustion." *Doss v. Gilkey*, 649 F.Supp.2d 905, 912 (S.D.Ill. 2009). Here, no hearing is required, since Plaintiff's failure to respond acts as an admission of the merits (or, rather, the factual bases) of the motions.

### 2. *PLRA's Exhaustion Requirement*

Suits brought by prisoners are governed by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C § 1997e. PLRA requires a prisoner to first exhaust all administrative remedies available before he is able to bring an action concerning the conditions of the prison. **42 U.S.C. § 1997e(a).** The exhaustion requirement of the PLRA is dependent upon the procedures established by the state in which the prison is located. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Unexhausted claims may not be brought to court. *Jones*, 549 U.S. at 211 (citing *Porter v. Nussell*, 534 U.S. 516, 524 (2002)).

The Seventh Circuit requires strict compliance in regards to exhaustion. "Unless a prisoner completes the administrative process by following rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes the filing of "complaints and appeals in the place, and at the time, the prison's rules require." *Id.* at 1025. If the prisoner fails

to comply with the established procedures, including time restraints, the court will not consider the grievance. *Pavey*, 663 F.3d at 903.

The purpose of the exhaustion requirement is two-fold. *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992). First, it gives the prison officials the chance to address the prisoner's claims internally, before any litigation becomes necessary. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); *Woodford v. Ngo*, 548 U.S. 81, 89-90 (2006). Second, it "seeks to reduce the quantity and improve the quality of prisoner suits." *Porter*, 534 U.S. at 524. *See also Booth v. Churner*, 532 U.S. 731, 737 (2001) (noting that PLRA's requirement will help "filter out some frivolous claims.").

Exhaustion is a prerequisite to filing a suit, so a prisoner must wait until he has completed the established process and may not file in anticipation that administrative remedies will soon be exhausted. *Perez v. Wisconsin Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999) (citing 42 U.S.C § 1997e(a)); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). A suit filed prior to exhaustion of available remedies will be dismissed even if the remedies become exhausted while the suit is pending. *Perez*, 182 F.3d at 535.

Because Plaintiff is an Illinois inmate, whether he has fulfilled the Prison Litigation Reform Act's (PLRA's) exhaustion requirement depends on the prison grievance procedures set forth in Illinois law. *See Jones v. Bock*, 549 U.S. 199, 218 (2007).

3. *Exhaustion Requirement under Illinois Law*

Inmates confined in the Illinois Department of Corrections must adhere to the Department's Grievance Procedures for Offenders in order to properly exhaust claims;

anything less is a failure to exhaust. **20 Ill. Admin. Code § 504.810.** The prisoner must first speak with their Counselor about the issues they raise, and if the dispute is not resolved, the grievance must be filed within sixty days of the events or occurrence with the Grievance Officer. **20 Ill. Admin. Code § 504.810(a).** The grievance must:

> Contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. The provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

**20 Ill. Admin. Code § 504.810(b).** The grievance officer must then review the grievance and report findings and recommendations to the Chief Administrative Officer ("Warden"). **20 Ill. Adm. Code § 504.830(d).** The prisoner then has the opportunity to review the Warden's response, and if he is unsatisfied, he may appeal to the Director through the Administrative Review Board ("ARB") within 30 days of the Warden's response. **20 Ill. Adm. Code § 504.830(d); 20 Ill. Adm. Code § 504.850**.

The ARB is then required to provide a written report to the Director of its recommendation on the grievance and the Director "shall review the findings and recommendations of the Board and make a final determination of the grievance within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances." **20 Ill. Admin. Code § 504.850(e), (f).**

**PLAINTIFF'S GRIEVANCES**

As an initial matter, Plaintiff's Response concedes that he did not properly identify Delong, Greathouse, or Whiteside and requests that those Defendants be

dismissed. (Doc. 124, p. 1). Accordingly, the Court **DISMISSES** Delong, Greathouse and Whiteside **without prejudice** for failure to exhaust administrative remedies.

Plaintiff has stated that his January 7, 2013 grievance is the only relevant grievance for determining whether he exhausted remedies as to Defendant Baig. (Doc. 124, p. 8). That grievance addresses allegedly unconstitutional lockdowns that occurred from December 9 through December 13, 2012. (Doc. 124, p. 8). The grievance lists a number of individuals who are presently defendants in this lawsuit, and also refers to an unnamed "Mental Health Administrator" and miscellaneous John or Jane Doe IDOC employees. (Doc. 124, p. 9). The grievance alleges that the listed individuals conspired to keep him on lockdown for unconstitutional reasons. (Doc. 124, p. 9). The grievance also alleges that Plaintiff has suffered from psychological injuries, including severe anxiety and panic attacks, worsening depression and manic episodes, stress, paranoia, lack of concentration, decreasing motivation, disassociation, vertigo, and delirium without hallucination. (Doc. 124, p. 9).

## ANALYSIS

Plaintiff's January 7 grievance contains neither the requisite detail about Defendant Baig nor allegations inviting officials to fix the problems about which he has sued. He did not exhaust his administrative remedies as to Baig.

Plaintiff must name all Defendants in properly-exhausted grievances prior to filing suit pursuant to the Illinois Administrative Code. Alternatively, if the defendant's name is unknown, a prisoner may describe the "as much descriptive information about the individual as possible." **20 Ill. Admin Code § 504.810(b)**. The

primary purpose of the requirement to name those involved is not to provide notice to that individual, but to alert prison officials of the problem alleged in the grievance, so that there is an opportunity for it to be handled internally. *Jones v. Bock*, 549 U.S. 199, 219 (2007) (citing *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004)); *Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011). The Seventh Circuit has said that, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Id.* (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).

Plaintiff's Amended Complaint alleges that the mental health services at Menard are inadequate to begin with, and that the lockdown practices at Menard exacerbate mental health injuries and Plaintiff's bi-polar disorder. (Doc. 70, p. 17). He specifically alleges that Dr. Baig "failed to report . . . abusive conditions confinement despite having been advised by the plaintiff about said injuries from the violations." (Doc. 70, pp. 17-18). The Amended Complaint further alleges that the mental health defendants should be reporting and providing professional recommendations regarding the unconstitutional lockdown practices. (Doc. 70, p. 18).

Plaintiff argues that he has adequately named Baig because he included the "Mental Health Administrator" and "John and Jane Doe Defendants." But the allegations in the grievance do not mirror the Amended Complaint as to the mental health professionals. The Amended Complaint states that the mental health administrators were deliberately indifferent to Plaintiff's mental health issues because they knew that the lockdowns exacerbated his issues but did nothing to report or change the lockdown conditions. On the other hand, Plaintiff's January 2013 grievance

alleges that all the listed parties actually conspired to put the prisoners on lockdown for non-penological reasons. While the grievance alleges that the lockdowns have caused psychological symptoms, at no time does it indicate that some of those conditions were pre-existing or exacerbated by the lockdown (i.e., that any prison workers could have been deliberately indifferent to his pre-existing psychological needs). The grievance does not allege that anyone treated Plaintiff for those conditions or failed to take into account the effect of the lockdowns on the conditions. The allegations in the grievance generally do not match the allegations in the Amended Complaint against the mental health professionals.

Additionally, Plaintiff's naming of the "Mental Health Administrator" or "John and Jane Doe IDOC employees" does not suffice to identify Baig. Plaintiff has not alleged that Baig is the Mental Health Administrator, so that name cannot stand in for Baig in the grievance. Plaintiff's response also makes clear that he put in the "John or Jane Doe IDOC employees" as a catch-all, and that he thought naming—or describing in detail—all the relevant parties would be unduly burdensome to the person reviewing the grievances. Plaintiff misunderstands the purpose of the grievance requirement and the scope of Illinois law. Unless he fully names all parties that he holds responsible for his wrongs, or at the very least provides as much descriptive detail as possible, the prison cannot attempt to address the situation. *See* 20 Ill. Admin Code § 504.810(b). Plaintiff also states that Baig has been his treating psychiatrist for years. It stands to reason that Plaintiff should have been aware of Baig's identity when writing the

8

grievance. The Court finds that Plaintiff's January 7, 2013, grievance does not suffice to exhaust administrative remedies as to Defendant Baig.

## CONCLUSION

Defendants Greathouse, Whiteside, and Delong are **DISMISSED without prejudice**. Baig's Motion for Summary Judgment is **GRANTED**. (Doc. 118). He is likewise **DISMISSED without prejudice**. The case will proceed as to all remaining Defendants.

**IT IS SO ORDERED**.

DATED: December 12, 2014          s/ *Michael J. Reagan*
                                                     Michael J. Reagan
                                                     **Chief Judge**
                                                     UNITED STATES DISTRICT COURT